# SUPERIOR COURT, ETC.,

## FALL SESSIONS,

## 1897.

CALVIN I. SWAYNE *vs.* NANCY E. REMLEY.

*Judgment refused first term, notwithstanding Affidavit of Demand.*

A builder's contract for the conditional payment of money is not such an instrument as is contemplated by the statute allowing judgment at the first term on affidavit of demand filed.

(*September 21, 1897.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.
*John P. Nields* for Plaintiff.
*Herbert H. Ward* for Defendant.

Superior Court, New Castle county, September Term, 1897.

ACTION of DEBT founded on a contract entered into between the plaintiff and the defendant, by which the plaintiff was to well and sufficiently erect and finish in a workmanlike manner all the different branches of work of every kind and nature as required in the erection and completion of a brick dwelling house, according to plans and specifications, for the sum of $5,069, to be paid in installments as set out in the contract. The action was brought for the recovery of the price. The contract contained numerous conditions and described how the work was to be done. An affidavit of demand was filed in the usual form.

*Mr. Ward* moved that judgment be refused notwithstanding the affidavit of demand, on the ground that the cause of action sued upon was not such an instrument as is contemplated by the statute (*Sec. 4, Chap. 106, Rev. Code*) allowing judgment at the first term upon affidavit of demand filed.

LORE, C. J:—This being a contract for the erection and completion of a building and the money being payable upon the condition of the completion of the contract, it is not an obligation for the unconditional payment of money and does not come within the statute allowing judgment at the first term upon affidavit of demand.    We therefore refuse judgment.